UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BRIAN J. TISDELL,

    Plaintiff,

v.

CLINTON JANOWIAK, ANNIE PIKULA,
MARSHA CLUEVER, JANE DOE &
JOHN DOE,

    Defendants.

Civ. No. 10-3999 (JRT/LIB)

**REPORT AND RECOMMENDATION**

This matter is before the undersigned United States Magistrate Judge on Plaintiff's application for leave to proceed in forma pauperis, ("IFP"). (Docket No. 2.) Plaintiff is seeking IFP status, pursuant to 28 U.S.C. § 1915, so that he will not have to pay the filing fee and other costs associated with this action. The matter has been referred to this Court for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, it is recommended that Plaintiff's IFP application be denied, and that this action be dismissed.

**I. BACKGROUND**

Plaintiff's pro se Complaint is difficult to comprehend. However, as far as the Court can tell, Plaintiff previously requested a Minnesota state court to enter a restraining order against Defendant Clinton Janowiak that would keep Janowiak away from Plaintiff's children. Plaintiff alleges that Janowiak "has a history of abuse with minor children and has violated numerous court orders and has acted in a manner that ignores the safety and well being of [Plaintiff's] children." (Complaint, [Docket No. 1], p. 2, ¶ III.)

Defendant Annie Pikula is an attorney who allegedly represented Defendant

Janowiak in the previous state court proceedings. Plaintiff alleges that Defendant Pikula "committed a fraud upon the court," by seeking to have the matter dismissed. (Id., ¶ IV.) Plaintiff further alleges that Defendant Pikula "fail[ed] to sign documentation of representation on behalf of her client Clinton Janowiak before the September 17th, 2010 court hearing," and "violated rule 8.4 of professional conduct when she used her profession in an effort to harass and intimidate [Plaintiff] in regards to [Plaintiff's] children's scheduled visitation." (Id., ¶s V, VI.)

The only allegation in the Complaint pertaining to Defendant Marsha Cluever reads as follows: "Marsha Cluever for conspiring to assist with the interference of the safety of my minor children." (Id., ¶ VII.) The Complaint provides no information about the identity of Defendants "Jane Doe & John Doe," or why Plaintiff is attempting to sue them.

Based on the above allegations, Plaintiff is seeking a judgment against Defendants for $11,500 for "legal fees, expenses and loss of work," $50,000 for compensatory damages, and $1,000,000 (per Defendant) for punitive damages.

## II. DISCUSSION

An IFP application will be denied, and the action will be dismissed, when the plaintiff has filed a complaint that fails to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam).

To state an actionable claim for relief, a Complaint must allege a set of specific historical facts, which, if proven true, would entitle the complainant to some legal recourse against the named defendant(s), based on some cognizable legal theory. Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v.

Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).

In this case, it appears that Plaintiff is attempting to bring a civil rights action under 42 U.S.C. § 1983 (and related statutes) for alleged violations of his federal constitutional rights. (Complaint, p. 1, § 1 "Jurisdiction;" Civil Cover Sheet, §§ IV and VI.) To plead an actionable federal civil rights claim, a plaintiff must allege that the named defendants violated the plaintiff's constitutional rights, while the defendants were acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988). A civil rights claimant must allege facts showing "'(1) [a] violation of a constitutional right, (2) committed by a state actor, (3) who acted with the requisite culpability and causation to violate the constitutional right.'" Hart v. City of Little Rock, 432 F.3d 801, 804 (8th Cir. 2005), cert. denied, 547 U.S. 1207 (2006), quoting Kuha v. City of Minnetonka, 365 F.3d 590, 606 (8th Cir. 2003), quoting, in turn, Shrum v. Kluck, 249 F.3d 773, 777 (8th Cir. 2001).

Here, Plaintiff has failed to plead an actionable civil rights claim, because he has not alleged that the named Defendants are state employees or agents. To the contrary, it clearly appears that all of the Defendants are private citizens, who are not employed by any state, and were not acting on behalf of any state during the events on which Plaintiff's current lawsuit is based. Because there are no allegations in the Complaint showing that Defendants are state actors, Plaintiff has failed to plead an actionable civil rights claim.

Furthermore, even if Plaintiff had alleged that Defendants were state actors, (although nothing in his submissions suggests that he could properly make such an allegation), his Complaint still would not state an actionable civil rights claim, because he has not described any violation of his federal constitutional rights. To the contrary, it appears that Plaintiff's claims are based primarily on state (not federal) legal grounds –

e.g., common law fraud, violations of <u>state</u> court rules of professional responsibility, and violations of <u>state</u> court orders. Although Plaintiff's Complaint includes a list of citations to various parts of the federal Constitution, (Complaint, p. 1, § 1 "Jurisdiction"), there are no allegations showing that Defendants violated his rights under any specific provision of the Constitution. For this additional reason, Plaintiff has not pleaded an actionable civil rights claim.

Thus, the Court finds that, even with the liberal construction that is required in <u>pro se</u> cases, (<u>Atkinson</u>, 91 F.3d at 1129, <u>citing</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)(<u>per curiam</u>)), Plaintiff's current Complaint fails to state a cause of action on which relief could be granted in federal court. Because Plaintiff has failed to plead an actionable claim, his IFP application must be denied, and this case must be summarily dismissed, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application for leave to proceed <u>in forma pauperis</u>, (Docket No. 2), be DENIED; and

2. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

DATED: September 29, 2010

s/
Leo I. Brisbois
U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties **by October 13, 2010**, a writing that specifically identifies the portions of the Report to which objections are made and the bases for each objection. A party may respond to the objections within fourteen days of service thereof. Written submissions by any party shall comply with the applicable word limitations provided for in the Local Rules. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. This Report and Recommendation does not constitute an order or judgment from the District Court, and it is therefore not directly appealable to the Court of Appeals.